Damian Dudley #121133
A.S.P.C. Barchey Unit
P.O. Box 3200
Buckeye, Az. 85326

FILED _____ L
_____ RECEIVED _____ COPY

JUL 2 1 2011

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| Damian Dudley, <br> Plaintiff, <br><br> V. <br><br> Captain Cesolini #A3347, <br> Defendant. | No. CV11-00387-PHX-SMM-LOA <br><br> AFFIDAVIT OF <br> DAMIAN DUDLEY |

STATE OF ARIZONA } SS:
COUNTY OF MARICOPA }

I, <u>Damian Dudley</u>, hereby swear pursuant to the penalties of perjury that the following statements are true.

1. On May 20, 2011 Plaintiff mailed Defendant's Attorney Amy L. Nguyen a letter requesting her permission to Motion this Court for an extension of time and a letter attempting to settle the discovery disputes.

2. On June 9, 2011 Plaintiff received a letter from Attorney Nguyen attempting to resolve the discovery disputes. (see Attachment A).

(1)

3. As of the date of this affidavit Plaintiff's discovery issues remain unresolved with the Defendant.

*Damian Dudley*

AFFIANT SAYETH NAUGHT

June 24, 2011

Date

*Damian Dudley*

Damian Dudley, Plaintiff

ATTACHMENT-A

# JS&H  JONES, SKELTON & HOCHULI, P.L.C.

AMY L. NGUYEN
TELEPHONE: (602) 263-1717
FAX: (602) 200-7871
E-MAIL: ANGUYEN@JSHFIRM.COM

2901 NORTH CENTRAL AVENUE
SUITE 800
PHOENIX, ARIZONA 85012
PHONE: (602) 263-1700
FAX: (602) 651-7599
WWW.JSHFIRM.COM

June 7, 2011

Damian Dudley #112183
A.S.P.C. Lewis/Buckley Unit
P.O. Box 3400
Buckeye, AZ 85326

   Re: Dudley v. Cesolini, CV2010-013017

Dear Mr. Dudley:

   I am writing this letter in an attempt to resolve the discovery disputes raised in your Motion to Compel, in accordance with Rule 37, Fed. R. Civ. P, and Rule 7.2(j), Local R. Civ. P. I have reviewed and considered your objections to Defendant's responses, and respond accordingly:

   1. Interrogatory #1: Since providing the original responses, I have obtained additional information regarding Captain Cesolini's duties as Commander of the Lower Buckeye Jail, which is being provided in Defendant's Supplemental Response to Plaintiff's Interrogatories and Request for Production of Documents.

   2. Interrogatory #4, #5 and #5a: Defendant's objections to this request remain the same and no further response will be provided. Additionally, contrary to your argument, whether other inmates filed a grievance pertaining to whether their personal property was confiscated during a shakedown does nothing to support your claim that *your* property was confiscated without due process, nor could any such disclosure reasonably lead to the discovery of admissible evidence. This is especially the case considering that you do not assert a *Monell* custom/policy claim in your First Amended Complaint.

   3. Interrogatory #6: Defendant's objections to this request remain the same and no further response will be provided. Your objection to the response provided misinterprets and/or misstates Section 9 of the Inmate Rules and Regulations, as it clearly states: "Contraband is *any* unlawful or prohibited item . . .," and "Altered items are also considered contraband." Accordingly, any contraband taken from your cell during the shakedown was confiscated according to policy and no further information is available.

   4. Interrogatory #6a, #6b and #6c: Defendant's objections to this request remain the same. However, in an attempt to resolve the discovery dispute, a supplemental response is being provided in Defendant's Supplemental Response to Plaintiff's Interrogatories and Request for Production of Documents.

# Jones, Skelton & Hochuli, P.L.C.

Damien Dudley
June 7, 2011
Page 2


5.     Interrogatory #7 and #8: Defendant's objections to this request remain the same and no further response will be provided.  The requests are improper interrogatories in that they call for improper legal conclusions and are not reasonably calculated to lead to the discovery of admissible evidence.

6.     Interrogatory #13a: Defendant's objections to this request remain the same.  However, in an attempt to resolve the discovery dispute, a supplemental response is being provided in Defendant's Supplemental Response to Plaintiff's Interrogatories and Request for Production of Documents.

As to your letter dated May 20, 2011, which was received by my office on May 31, 2011, I do not believe an extension of the May 31, 2011 discovery deadline is necessary on the grounds you cite in your letter.  Specifically, you state that an extension is warranted because Defendant has not yet supplemented Interrogatory 2 and 3.  First, the May 31st deadline pertains to discovery *requests*, not discovery responses.   Second, the information requested in Interrogatory 2 and 3 is maintained by MCSO, not by Captain Cesolini.  Nonetheless, Captain Cesolini requested the information from MCSO and is still awaiting a response.  Once a response is received, Captain Cesolini's discovery responses will be supplemented in a timely manner.


Sincerely,

Amy L. Nguyen
For the Firm


ALN/ae

2557008.1

Original and 2 copies of Plaintiff's Second
Motion to Compel Defendant to Respond to Plaintiff's
Interrogatories and Request for Production of
Documents given to the Barchey Unit Mailroom
Officer this 26th day of June, 2011 to be
mailed to:

Clerk U.S. Dist. Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC-1
Phoenix, Az. 85003-2119


1 Copy of the foregoing mailed to:

Amy L. Nguyen
Jones, Skelton & Hochuli, P.L.C.
2901 N. Central Ave Suite 800
Phoenix, Az. 85012




Damian Dudley
_____
Damian Dudley, Plaintiff


(9)

EXHIBIT-A

Damian Dudley 162153
Arizona State Prison-Barchey
P.O. Box 3200
Buckeye, Az. 85326

MICHAEL K. JEANS, CLERK
COC MAILROOM
DOCUMENT DEPOSITORY

2011 JUL -7  AM 10: 31

No. CV 11- 00387- PHX- SMM (LOA)

May 20, 2011:

To: Attorney Amy L. Nguyen,

   I am writing you to request your permission to Motion the Court in this case for an extension of time.
   Since you still have not responded to plaintiff's interrogatories 2 and 3 by supplementating your responses
   I am sending you two (2) Affidavits, Motion: Plaintiff Request an Extension of Time for Discovery Request Date and letters.
   Please retain 1 copy of each document for your own records.
   Send back 1 copy of each document and I will sign the motion and I will send the original motion, Affidavit to the Court.

                    Sincerly Yours

                    Damian Dudley
                    Damian Dudley
                    Plaintiff Pro-Se.

Damian Dudley #112183
Arizona State Prison-Barchey
P.O. Box 3200
Buckeye, Az. 85326

May 20, 2011

To: Amy L. Nguyen,

    I am attempting to settle the Plaintiff's Interrogatories and Request for Production of Documents.

    I am requesting that you "please contact the Arizona State Prison Complex-Lewis:

    CO3 Inmate Records
    P.O. Box 70
    Buckeye, Az. 85326

    and/or

    Az. DOC. CO3
    Inmate Records
    ASPC-Lewis/Buckley Unit
    P.O. box 70
    Buckeye, Az. 85326

Contact - Inmate Records and tell them you would like to have a telephonic legal call with me.

So that we can discuss and possibly settle any discovery disputes.

Sincerly Yours

Damian Dudley

Damian Dudley/Plaintiff

Damian Dudley #112183
Arizona State Prison-Barchey
P.O. Box 3200
Buckeye, Az. 85326


UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Damian Dudley, Plaintiff, | No. CV11-00387-PHX-SMM (LOA) |
| V. | PLAINTIFF REQUEST AN EXTENSION OF TIME FOR DISCOVERY REQUEST DATE |
| Captain Cesolini #A3347, Defendant. | ATTACHED AFFIDAVIT OF ATTORNEY NGUYEN |

Comes now the Plaintiff Damian Dudley hereby motions this Court for an extension of time to further conduct discovery.

Plaintiff has written Defendant's Attorney Amy L. Nguyen a letter asking her if this is okay for her.

I've included an affidavit of Attorney Nguyen concerning this extension.

Plaintiff is sending her two copies so she can send 1 copy back to Plaintiff and send the original back to Plaintiff so he can file it with this Court

RESPECTFULLY SUBMITTED this ___ day of May, 2011.

_____
Damian Dudley, Plaintiff

CERTIFICATE OF SERVICE

2 letters to Attorney Amy L. Nguyen; 1 Affidavits of Attorney Amy L. Nguyen; 1 Plaintiff Request an Extension of Time for Discovery Request Date mailed this 24th day of May 2011 to:

Attorney Amy L. Nguyen
Jones, Skelton & Hochuli, P.L.C.
2901 N. Central Ave  Suite 800
Phoenix, AZ. 85012

Damian Dudley

Damian Dudley, Plaintiff

Amy Nguyen, Bar # 023983
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Ave Suite 800
Phoenix, AZ. 85012

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Damian Dudley,<br>Plaintiff,<br><br>V.<br><br>Captain Cesolini #A3347,<br>Defendant. | No. CV11-00387-PHX-SMM (LOA)<br><br>AFFIDAVIT OF ATTORNEY<br>AMY L. NGUYEN |

STATE OF ARIZONA }
COUNTY OF MARICOPA } SS:

1. I am the named attorney Amy L. Nguyen.

2. I am the attorney of record for the Defendant Capt. Cesolini.

3. Defendant has yet to supplement his interrogatories.

4. It has been exactly ___ days over the 30 days pursuant to Rule 33(b) Fed. R. Civ. P. Plaintiff mailed us his Plaintiff's Interrogatories and Request for Production of Documents on April 01, 2011.

5. The plaintiff has interrogatoried information that we are diligently searching for the records. (See Defendant's Response to Plaintiff's Interrogatories

and Request for Production of Documents (interr-ogatories no. 2 and 3 filed in this Court on May 05, 2011).

6. Since this has put the plaintiff's discovery on hold, the plaintiff has written me a letter requesting my concurrance for a 30 day extension of time.

7. I concure with the plaintiff for a 30 day extension of time in the interest of justice

8. Plaintiff has also mailed me a motion requesting an extension with an affidavit for me to notorize and sign and return to him for filing.

_____

Amy L. Nguyen, Defendants Attorney

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2011.

_____

Notary Public

My Commission Expires

_____

EXHIBIT-A B

1     Amy L. Nguyen, Bar #023383
JONES, SKELTON & HOCHULI, P.L.C.

2     2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012

3     Telephone: (602) 263-1700
Fax: (602) 200-7811

4     anguyen@jshfirm.com

5     Attorneys for Defendant Captain Cesolini

6

7                 **UNITED STATES DISTRICT COURT**

8                      **DISTRICT OF ARIZONA**

9     Damian Dudley,                   NO. CV11-00387-PHX-SMM-LOA

10                  Plaintiff,    **DEFENDANT'S RESPONSE TO PLAINTIFF'S**

11           v.                  **INTERROGATORIES AND REQUEST FOR PRODUCTION**

12     Captain Cesolini #A3347,        **OF DOCUMENTS**

13                 Defendants.

14

15           Defendant Captain Cesolini, through counsel, hereby responds to Plaintiff's

16 Interrogatories and Request for Production of Documents, dated April 1, 2011 and

17 received by Defendant on April 8, as follows:

18           1.     State your duties as the jail commander of the MCSO – Lower

19 Buckeye Jail.

20          **RESPONSE: Objection: Overbroad; vague and ambiguous and not**

21 **reasonably calculated to lead to the discovery of admissible evidence. Without**

22 **waiving objections, Captain Cesolini oversees the operation of the Lower Buckeye**

23 **Jail.**

24           2.     Please give the name, rank and badge number of every officer

25 involved in the cell searches conducted at the MCSO – Lower Buckeye Jail on October

26 27, 2009.

27          **RESPONSE: Objection: Relevance; overbroad; vague and ambiguous**

28 **as to "cell searches"; and not reasonably calculated to lead to the discovery of**

2510221.1

1  admissible evidence. Without waiving objections, information has been requested
2  and will be supplemented once received.

3      3.    Please identify all of the Detention Officers that conducted the cell
4  search on cell T24/B14, when you identify them (state their names, rank and badge
5  numbers).

6      **RESPONSE: Objection: Relevance; overbroad; vague and ambiguous**
7  **as to "cell search"; and not reasonably calculated to lead to the discovery of**
8  **admissible evidence. Without waiving objections, information has been requested**
9  **and will be supplemented once received.**

10      3a.   Please produce the documents that details your job description and all
11  of the officers involved in the cell searches conducted on October 27, 2009 (identify each
12  detention officers job duties in accordance with their ranks), produce the documents.

13      **RESPONSE: Objection: Relevance; overbroad; vague and ambiguous;**
14  **calls for the production of confidential and security-sensitive information, the**
15  **disclosure of which could jeopardize facility security and not reasonably calculated**
16  **to lead to the discovery of admissible evidence.**

17      4.    How many inmates at MCSO – LBJ filed grievances due to the cell
18  searches conducted on October 27, 2009? (Plaintiff is not asking for inmates' names and
19  booking numbers.)

20      **RESPONSE:   Objection:   Relevance;  overbroad  and  unduly**
21  **burdensome; vague and ambiguous and not reasonably calculated to lead to the**
22  **discovery of admissible evidence.**

23      5.    Of those grievances filed on October 27, 2009, how many pertained
24  to their personal books and personal magazines being taken from them?

25      **RESPONSE:   Objection:   Relevance;  overbroad  and  unduly**
26  **burdensome; vague and ambiguous and not reasonably calculated to lead to the**
27  **discovery of admissible evidence.**

28

2510221.1

2

5a.   Please produce copies of those grievances, produce the documents.

**RESPONSE:   Objection:   Relevance;  overbroad  and  unduly burdensome;  vague  and  ambiguous  and  not  reasonably  calculated  to  lead  to  the discovery of admissible evidence.**

6.   Of all the books and magazines that were taken in that shakedown, what happened to them, i.e., were they thrown away, donated to the MCSO library?

**RESPONSE:  Objection:  Vague and ambiguous; relevance; assumes facts  not  in  evidence  and  not  reasonably  calculated  to  lead  to  the  discovery  of admissible evidence.  Without waiving objections, pursuant to the Inmate Rules and Regulations  –Section  9,  Contraband:  "Altered  items  are  also  considered contraband......Any items in your possession that are contraband will be confiscated and disciplinary action, and/or administrative actions, may possibly be taken against you."**

6a.   Please produce the log book entries for the MCSO inmate library for the dated of October 27, 2009 to November 27, 2009, produce the documents.

**RESPONSE:  Objection:  Relevance; vague and ambiguous as to "log book entries"; and not reasonably calculated to lead to the discovery of admissible evidence.**

6b.   Please produce the MCSO – Lower Buckeye Jail log book entries for October 27, 2009 pertaining to any and all cell searches conducted that day, produce the document.

**RESPONSE:  Objection:  Relevance; vague and ambiguous as to "log book entries"; and not reasonably calculated to lead to the discovery of admissible evidence.**

6c.   Please produce the policy index, produce the documents.

**RESPONSE:   Objection:   Relevance;  vague  and  ambiguous  as  to "policy index"; overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving objections, see the Rules and Regulations**

2510221.1                                                    3

1    **Handbook for Inmates, a copy of which was given to Plaintiff upon intake at MCSO.**

2           6d.    Please produce the CD/DVD from the security cameras at the MCSO

3    – Lower Buckeye Jail on October 27, 2009 showing just the detention officers conducting

4    cell searches and carrying out the books and magazines, produce the things.

5           **RESPONSE:  Objection:  Relevance; vague and ambiguous; overbroad;**

6    **calls for the production of confidential and security-sensitive information, the**

7    **disclosure of which could jeopardize facility security and not reasonably calculated**

8    **to lead to the discovery of admissible evidence.  Without waiving objections, upon**

9    **information and belief, surveillance video is automatically recycled/erased over every**

10   **90 days.  Any surveillance video from Plaintiff's housing pod has since been recycled**

11   **and therefore, is no longer available.**

12          ·7.    Are you familiar with Arizona Revised Statue section 31-228(a)?

13          **RESPONSE:  Objection:  Relevance; vague and ambiguous; calls for an**

14   **improper legal conclusion and not reasonably calculated to lead to the discovery of**

15   **admissible evidence.**

16          8.    Are you familiar with the case Sandin v. Conner, 515 U.S. 472, 115

17   S.Ct. 2293 where it talks about state created regulations thus creating due process?

18          **RESPONSE:  Objection:  Relevance; vague and ambiguous; calls for an**

19   **improper legal conclusion and not reasonably calculated to lead to the discovery of**

20   **admissible evidence.**

21          9.    Are you familiar with Sandin v. Conner, 515 U.S. 472 where it states:

22          Sandin does not apply to pretrial detainees, who may not be
       punished without due process of law regardless of state
23          regulations.

24          **RESPONSE:  Objection:  Relevance; vague and ambiguous; calls for an**

25   **improper legal conclusion and not reasonably calculated to lead to the discovery of**

26   **admissible evidence.**

27          10.    In your answer to Plaintiff's First Amended Complaint on page 2

28   affirmative defenses #4 you stated:

2510221.1                                    4

Defendant alleges that Plaintiff failed to exhaust available administrative remedies prior to filing suit, including but not limited to Plaintiff's obligation to exhaust under the Prison Litigation Reform Act 42 U.S.C., sec. 1997e(a).

10a.    Is it your position that the Plaintiff Dudley never filed any grievances (pursuant to MCSO rules and regulations) in this matter?

**RESPONSE:   Objection:   Vague and ambiguous; relevance and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving objections, no.**

10b.    If you answered yes, then do you deny ever responding to an inmate grievance appeal forms in this matter (submitted by the Plaintiff Damian Dudley)?

**RESPONSE:   Objection:   Vague and ambiguous; relevance and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving objections, see response to 10a, above.**

11.    Before you answer #10(a)(b), can you please contact the custodian of records for MCSO, did you ever receive a notice of claim in this matter?

**RESPONSE:   No, Plaintiff did not serve Defendant Cesolini with a Notice of Claim in this matter.**

12.    State the names, rank and badge numbers of all detention officers who were present during the cell searches conducted on October 27, 2009 at LBJ T24/B pod (even those who were present but did not participate in the cell search).

**RESPONSE: Objection: Duplicative; relevance; overbroad; vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving objections, see response to Interrogatory no. 2, above. Additionally, upon information and belief, Defendant was present during the "shakedown" that took place in Lower Buckey Jail, Bravo Pod, Tower/House 24, on October 27, 2009.**

13.    State the names, rank and badge numbers of all detention officers who were working at the MCSO – LBJ on October 27, 2009.

1        **RESPONSE:  Objection:  Overbroad;  relevance;  vague and ambiguous**

2   **and not reasonably calculated to lead to the discovery of admissible evidence.**

3        13a.    Produce any and all rules and regulations from MCSO that authorizes

4   the confiscation and destruction of inmates property because they exceeded the allotted

5   amount of 3 books and 5 magazines.

6        **RESPONSE:  Objection:  Vague  and  ambiguous  as  to  "rules  and**

7   **regulations";  overbroad;  calls  for  the  production  of  confidential  and  security-**

8   **sensitive information, the disclosure of which could jeopardize facility security; calls**

9   **for  the  production  of  confidential  and  proprietary  trade  information  and  not**

10   **reasonably  calculated  to  lead  to  the  discovery  of  admissible  evidence.   Without**

11   **waiving objections, see the Rules and Regulations Handbook for Inmates, a copy of**

12   **which was given to Plaintiff upon intake at MCSO.**

13

14

15        DATED this 5th day of May, 2011.

16              JONES, SKELTON & HOCHULI, P.L.C.

17

18              By _____

19                Amy L. Nguyen
                   2901 North Central Avenue, Suite 800

20                  Phoenix, Arizona 85012
                   Attorney for Defendant Edward Cesolini

21 ORIGINAL electronically filed

22 this 5th day of May, 2011.

23 COPY mailed this same date to:

24 Damian Dudley, #112183
   A.S.P.C. Lewis/Buckley Unit

25 P.O. Box 3400
   Buckeye, AZ  85326

26

27 _____

28