Damian Dudley #211813
A.S.P.C.-Lewis/Barchey
P.O. Box 3200
Buckeye, AZ. 85326

FILED ___ LODGED ___
RECEIVED ___ COPY ___
JUL 21 2011
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

MICHAEL K. JEANES, CLERK
COC MAILROOM
DOCUMENT DEPOSITORY
2011 JUL -7  AM 10: 31

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| Damian Dudley, Plaintiff, | No. CV-11-00387-PHX-SMM-LOA |
|---|---|
| V. | PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS |
| Captain Cesolini #A3347, Defendant. | |

Comes now the Plaintiff Damian Dudley hereby motions this Court to Compell the Defendant Captain Cesolini to respond to the Plaintiff's interrogatories and request for production of documents.

On May 16, 2011 Plaintiff filed his Motion to Compel Defendant to Respond to Plaintiff's Interrogatories and Request for Production of Documents.

On May 20, 2011 Plaintiff mailed Defendant's Attorney Amy L. Nguyen a letter requesting her permission to Motion the Court for an extension of time to Complete discovery; a second letter asking attorney Nguyen to call A.S.P.C. Lewis - inmate records to set-up a telephonic conference to work-out our differences in discovery; motion requesting an extension of time for discovery request date with attached affidavit. (see Exhibit A).

On May 25, 2011 Plaintiff received this Court's order on his motion to compel.

On June 9, 2011 Plaintiff received Defendant's response to Plaintiff's first interrogatories and request for production of documents (see Exhibit B).

On June 18, 2011 Plaintiff received the Defendant's supplemental response to Plaintiff's interrogatories and request for production of documents (this is the plaintiff's first request).

MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff hereby requests this Court compel the Defendant to answer the following interrogatories and produce the following documents this motion to compel is from the Plaintiff's first request for interrogatories and production of documents mailed to the Defendant on April 1st, 2011.

1. Interrogatory #4: How many inmates at MCSO-LBJ filed grievances due to cell searches conducted on October 27, 2009 (Plaintiff is not asking for inmates names and booking numbers)?

Interrogatory #4 response: Objection: Relevance; overbroad and unduly burdensome; vague and ambiguous and not reasonably calculated to lead to the discovery of admissable evidence.

(2)

2. Interrogatory #5: Of those grievances filed on October 27, 2009, how many pertained to their personal books and personal magazines being taken from them?

    Interrogatory #5 Response: Objection; overbroad and unduly burdensome; vague and ambiguous and not reasonably calculated to lead to the discovery of admissable evidence.

3. Production of Document #5 a: Please produce copies of those grievances, produce the documents.

    Response #5 a: Objection: Relevance; overbroad and unduly burdensome; vague and ambiguous and not reasonably calculated to lead to the discovery of admissable evidence.

4. Interrogatory #7: Are you familiar with Arizona Revised Statute section 31-228(a)?

    Response #7: Objection: Relevance; vague and ambiguous; calls for an improper legal conclusion and not reasonably calculated to lead to the discovery of admissable evidence.

5. Interrogatory #8: Are you familiar with the case

Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 where it talks about state created regulations thus creating due process?

Interrogatory #8 Response: Objection: Relevance; vague and ambiguous; calls for an improper legal conclusion and not reasonably calculated to lead to the discovery of admissable evidence.

6. Interrogatory #9: Are you familiar with Sandin v. Conner, 515 U.S. 472 where it states:

> Sandin does not apply to pretrial detainees, who may not be punished without due process of law regardless of state regulations.

Interrogatory #9 Response: Objection: Relevance; vague and ambiguous; calls for an improper legal conclusion and not reasonably calculated to lead to the discovery of admissable evidence.

## LEGAL POINTS AND ARGUMENT

Plaintiff only knows what transpired in his situation on October 27, 2009 and by obtaining the grievances of other inmates whos personal books and magazines were confiscated during the shakedown Plaintiff will be in a position to discover matters, not priviledged

(4)

The grievances filed by other inmates are all relevant to the subject matter because on the date in question their was a cell search of the entire Lower Buckeye Jail led by the LBJ Jail Commander Captain Cesolini. and I heard similar complaints from other inmates in Plaintiff's cellblock.

    The grievances sought are the exact equivalent of witness statements given to an insurance agent at the scene of an accident or an insurance agent who visits an accident victim in the hospital and takes his statement and writes it down, therefore substantial need exists for the production of those grievances, especially since some of those inmates are no longer in MCSO custody so the Plaintiff cannot depose them individually. See Klaiber v. Orzel, 148 Ariz. 320, 714 P.2d 813 (1986). Discovery should not be less available where relevant, non-privileged information is contained in a document than when such information is lodged in the memory of a witness. The federal rules relating to discovery must be read in pari materia, Hickman v. Taylor, 329 U.S. 495, 505, 67 S.Ct. 385, 91 L.Ed. 451, and all these rules should be interpreted and applied in light of their well known purposes. Rule 34 is no more or no less restrictive than Rule 26 or 33. In view of the liberal spirit of the rules, the court should be

disposed to grant such discovery as will accomplish full disclosure of facts, eliminate surprise, and promote settlement, what must be shown under the requirement of substantial need exists in <u>Rule 34</u> are such circumstances as given the court reason to expect that the beneficial objectives of pretrial discovery will be achieved quoting Crowe v. Chesapeake & O. Ry. Co., 29 F.R.D. 148, 5 Fed. R. Serv. 2d 586 But see, City of Tucson v. Superior Court, In and For Pima County, Div. VI, 25 Ariz. App. 512, 544 P.2d 1113 (App. Div. 2 1976) (Discovery in suit alleging police brutality and negligence on part of city in retaining officers after it knew or should have known of their vicious propensities was limited to information concerning complaints made in regard to assault or other incidents involving police officers which would show their vicious propensities and notice to city regarding those propensities, rather than permitting discovery of any complaint filed with police department concerning acts of two police officers in question). In, Proposed Amendments to the Federal Rules of Civil Procedure Relating to Discovery, 48 F.R.D. 487 (1969, 1970) says: An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention

(6)

that relates to fact or the application of law to fact.

Therefore Defendants objections to the interrogatories # 7, 8. and 9 (stating that Plaintiff's interrogatories 'calls for an improper legal conclusion) is baseless see, Diversified Products Corp. V. Sports Center Co., 42 F.R.D. 3 (D. Md. 1967) (Rule 33 is amended to provide that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to facts or the application of law to fact. Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful, and the clear trend of the cases is to permit "factual" opinions. As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery 48 F.R.D. 487, see 4 Moore's Federal Practice ¶ 33.17 (2d ed. 1966); 2A Barron & Holtzoff, Federal Practice and Procedure section 768 (Wright. ed. 1961); Moore, supra; Field & McKusick, Maine Civil Practice section 26.18 (1959). On the other hand, under the new language interrogatories may not extend to issues of "pure law", i.e., legal issues unrelated to the facts of the case. Cf,

(7)

United States v. Maryland & Va. Milk Producers Assn., Inc., 22 F.R.D. 300 (D.D.C. 1958).

### CONCLUSION

For the foregoing reasons Plaintiff requests this Court to Compel Defendant to Respond to Plaintiff's Interrogatories and Request for Production of Documents.

RESPECTFULLY SUBMITTED this 26th day of June, 2011.

*Damian Dudley*
Damian Dudley, Plaintiff

Original and 2 copies of the foregoing mailed this 24th day of June, 2011 to:
Clerk, U.S. Dist. Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St. SPC-1
Phoenix, AZ. 85003-2118

1 copy to:
Amy L. Nguyen
Jones, Skelton & Hochuli, P.L.C.
2901 N. Central Ave, Suite 800
Phoenix, AZ. 85012

*Damian Dudley*
Damian Dudley, Plaintiff

(8)