WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Damian Dudley, | No. CV-11-387-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. |  |
| Captain Cesolini, |  |
| Defendant. |  |

This matter is before the Court on Plaintiff's Motion to File a Second Amended Complaint, doc. 57, adding two new claims and sixteen new defendants. Defendant opposes the motion, doc. 58. For the reasons set forth below, the Court will deny the motion.

**I. Background**

On July 29, 2010, Plaintiff, proceeding *pro se*, filed this civil rights action in Arizona Superior Court. (Doc. 1) Plaintiff filed a First Amended Complaint on August 18, 2010. On February 28, 2011, Defendant served a notice of Removal to Federal Court. (Doc. 1) On March 9, 2011, Defendant answered the First Amended Complaint. (Doc. 5) Plaintiff alleges violations based on an October 27, 2009 cell search. On October 28, 2009, Plaintiff filed an inmate grievance relating to books and magazines allegedly taken from his cell on October 27, 2009. (Doc. 23, Exhs. A, B) In his grievance, Plaintiff discussed the Maricopa County Sheriff's Office ("MCSO") jail policies and procedures relating to contraband, altered items, and excess items. (*Id.*) On December 23, 2009, Plaintiff served a Notice of Claim on MCSO alleging that four books and seven magazine were taken during

an October 27, 2009 cell search, and claiming that MCSO jail policies and procedures did not authorize taking his property.

On March 17, 2011, Plaintiff filed a motion for leave to file a second amended complaint which the Court denied for failure to comply with LRCiv 15.1 and Fed.R.Civ.P. 15(a)(2). (Doc. 1)   Thereafter, the Court issued a Scheduling and Discovery Order, doc. 13, setting an October 3, 2011 deadline for motions to amend or join parties. Plaintiff's motion to amend is signed September 22, 2011 and is timely. The Scheduling and Discovery Order set a May 31, 2011 deadline for serving discovery requests. (Doc. 13)

The parties participated in discovery, and on June 15, 2011, Defendant served his Supplemental Answers to Plaintiff's Interrogatories and Request for Production of Documents. As part of these responses, Defendant identified the names and badge numbers of officers who may have been involved in the October 27, 2009 cell searches on Tower 24 at the Lower Buckeye Jail; identified MCSO policies and procedures relating to cell searches, contraband, unauthorized property, and excess property; and produced supplemental documents relating to the foregoing. (Doc. 58, Uglietta declaration ¶ 2)  On October 6, 2011, Defendant deposed Plaintiff by telephone. On October 11, 2011, Plaintiff filed the pending motion to amend, which Defendant opposes. For the reasons set forth below, the Court will deny Plaintiff's motion for leave to amend.

**II. Analysis**

Federal Rule of Civil Procedure 15 governs the amendment of complaints. Because Plaintiff has already amended his complaint and Defendant opposes the motion to file a second complaint, Plaintiff needs leave to further amend his complaint. Fed.R.Civ.P. 15(a)(2). Rule 15 provides that leave to amend should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2). The district court has broad discretion regarding amendment, particularly when a plaintiff has previously amended the complaint. *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation v. U.S.*, 90 F.3d 351, 355-56 (9th Cir. 1996) (affirming denial of leave to amend where amendments would be futile and redundant of earlier amendments). In determining whether to grant leave to amend a

complaint, the court considers "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party; (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (affirming denial of leave to amend where plaintiff had previously amended and proposed amendments were futile). *See also Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995)), *reh'g and reh'g en banc denied*, 375 F.3d 810 (9th Cir. 2004), *cert. denied*, 543 U.S. 1188 (2005).   Here, there is no evidence of bad faith. However, the remaining factors weigh against granting leave to amend.

   First, Plaintiff unduly delayed in seeking leave to file a second amended complaint.  Plaintiff has already amended his complaint once, and waited over year after filing his First Amended Complaint, to seek leave to file a second amended complaint. Additionally, Plaintiff seeks leave to add Officers Stewart, Barnette, Kenney, Jones, Bryan, Johnson, Wibole, Gillett, Hogue, Dugonic, Harlow, Miller and Derwin.   He alleges that these officers "worked in the LBJ" and that the "entire Tower 24/B-pod was being searched by the rest of the Defendants."  (Doc. 57, proposed second amended complaint)  Plaintiff had information about the individuals who may have participated in the October 27, 2009 cell search no later than June 15, 2011 when Defendant served his supplemental discovery answers identifying those individuals. (Doc. 58, Uglietta declaration ¶ 2)   Plaintiff, however, waited nearly three months, and until after discovery closed, to move to amend his complaint to add these defendants.  Plaintiff does not explain the undue delay in seeking leave to amend to add numerous defendants.  Although delay standing alone does not resolve the amendment analysis, it is relevant, "especially when no reason is given for the delay."  *Lockheed Martin Corp. v. Network Solutions, Inc*., 194 F.3d 980, 986 (9th Cir. 1999) (citations omitted) (affirming denial of leave to amend where facts were available to plaintiff before motion was filed, plaintiff did not explain reason for delay, and filing after close of discovery would prejudice defendant).

   Likewise, Plaintiff unduly delayed in seeking leave to amend his complaint to add a "custom and policy" claim against MCSO and Sheriff Arpaio and to add supervisory

1 liability claims against Defendant Cessolini and Rojas.  During his deposition, Plaintiff
2 admitted that he received a copy of MCSO Jail Rules and Regulations when he became an
3 inmate at Towers Jail, before the October 27, 2009 cell search at issue.  (Doc. 23, Exh. C;
4 doc. 58, Uglietta declaration ¶ 6)  Additionally, in his 2009 grievances and Notice of Claim,
5 Plaintiff argued that MCSO Jail Rules and Regulation did not authorize the taking of his
6 items.  (Doc. 23, Exhs. A, B)  Thus, no later than 2009, Plaintiff had knowledge of MCSO's
7 "customs and policies" related to contraband, altered items, and excess items.  Plaintiff
8 could have, but chose not to, included a "custom and policies" claim in his original or first
9 amended complaint.  Plaintiff, however, waited too long to add such a claim.  *See Chodos v.*
10 *West Publishing Co.*, 292 F.3d 992, 1002 (9th Cir. 2002) (affirming denial of amendment
11 where alleged "new facts" were available before the first amendment such that the motion to
12 amend was a dilatory tactic, after undue delay, and prejudicial to defendant).

13 Furthermore, permitting Plaintiff to file a second amended complaint to add new
14 claims and defendants after the close of discovery is prejudicial to Defendant and a dilatory
15 tactic to prolong this action.  During his deposition, Plaintiff indicated that by amending the
16 complaint, the litigation "would start over." (Doc. 58, Uglietta Declaration ¶ 5)  Restarting
17 the litigation, after discovery has closed, would prejudice Defendant who would be required
18 to wait while numerous new defendants were served and participate anew in discovery.

19 In summary, Plaintiff unduly delayed in seeking leave to file a second amended
20 complaint, and permitting amendment would be prejudicial to Defendant.  Moreover, it
21 appears that Plaintiff's proposed claims are futile - however, the Court need not consider the
22 merits of those claims because the other factors - undue delay, prejudice to defendant, and
23 the fact that Plaintiff has previously amended his complaint - support denying Plaintiff's
24 motion.

25 Accordingly,
26 / / /
27 / / /
28 / / /

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint, doc. 57, is **DENIED**.

DATED this 16th day of November, 2011.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge